Chief Justice Robertson
delivered the Opinion of the Court
Judge Nicholas dissenting.
In this case,'the circuit court dismissed a bill filed by Warfield’s administrators, for relief against a judgment on a note to Boswell, which was given on the 4th of January, 1822, and made payable on the 5th of February, 1823, with six per centum interest from the date? for three thousand dollars in specie, in consideration of that nominal sutn in notes of the Bank of Kentucky, then greatly depreciated, which Alexander Parker had received from Boswell, on the day of the date of the note, and in which note Warfield was bound as surety for Parker,
The proof— which fails to es tablish the fact of a sale of the notes, but rather oonduces to provethey were lent.
Where onepar-. ty delivers to another, depreciated ban)< notes and takes an obligation for then-nominal ambit, payable in specie, at a future day, with interest — the transaction, nothing else appearing, must be taken to be a usurious lending.
The bill charges, that the transaction was an usurious loan The answer avers that it was a bona fide sale.
The only proof in the case, is that which may be derived from the foregoing facts, and from the testimony of three witnesses. One witness swears, that Boswell told him, tnat he had “ let Parker have" three thousand dollars in notes of the Bank of Kentucky, for his note, payable in thirteen months, for three thousand dollars in specie, and six per cent, interest thereon from the date of the note. Another witness swears, that on some occasions, he had heard Boswell-say, that he had loaned to Parker the three thousand dollars in Kentucky Bank notes; and that, on some other occasions, he had heard him say, that he had sold the notes to Parker. The third witness swears, that he had heard Boswell frequent ly sav, that he had loaned the notes to Parker ; but afterwards he swears, that he had heard Boswell say, that he had sold the notes to Parker, and that he is not “ sure" that he said he had loaned them.
This is obviously'a much stronger case of usury than that of Boswell vs. Clarksons, (1 J. J. Marshall, 47;) for in that case, the subscribing witnesses swore, that the note was given in consideration of the advance of Kentucky Bank notes in the form of a sale • and in this case, 'there is not only no such testimony, but there is, as already stated, proof that Boswell had said that he had loaned the notes to Parker.
Although hank notes, though current as a circulating medium, like those of the Bank of Kentucky,-in 1822, are vendible, nevertheless they are more frequently the subjects of loan, than of sales on a credit; and when they are actually sold oh credit, it is not reasonable to presume that the purchaser will agree to give double then value, and interest also. In such a transaction, the obvious presumption will be, that whatever is promised beyond the actual value of the paper, is exacted and agreed to be given for “forbearanceand we cannot doubt that, when one man lets another have, as in this case, depreciated-current bank notes of the value of one thousand five hundred dollars, upon a promise to refund the nominal amount and legal interest, in specie— *226 nothing else appearing — the transaction should be deemed prima facie a loan. This would be the only rational or probable deduction from the intrinsic character of such isolated general facts. A, desiring to use immediately one hundred dollars in bank notes, worth only fifty dollars in specie, applies to B for the notes — B delivers to him a bank note of the denomination of one hundred dollars, worth only fifty dollars, and takes his promissory note for one hundred dollars in specie, payable in ■one year, with legal interest from the date. No other fact appearing, A affirms, that the transaction was a ■loan, and B insists that it was a sale: can there be a reasonable doubt, that “ loan” is impressed oh its face ? It has all the features of a loan ; and if it should not be deemed a loan until the contrary be made clearly to appear by proof aliunde, no transaction could ever be considered as a loan unless the words “ borrow and lend” be expressly used in the contract!
Held, that 'the evidence(above recited, unexplained by other facts, tends to fortify the presumption of usury.
Relief decreed to the amount of the usury.
But here the extraneous facts fortify the inference necessarily resulting from the apparent character of the transaction itself.
If, in such a case, a party can entrench himself behind an answer, calling that a sale in form, which exhibits the aspect of a substantial loan, an easy mode of evading the statutes against usury will have been discovered, and, the statutes themselves may become, easily and soon, altogethér useless and inapplicable.
The presumption arising from the simple facts of this case, could scarcely be repelled ; at least, there should be strong rebutting facts, before the transaction should be declared to be a sale, and not a loan.
But, as we have before suggested, the prima facie presumption is not only not rebutted, but is corroborated by the extrinsie facts.
Wherefore, this court, (Judge Nicholas dissenting,) is of the opinion, that the circuit court erred in withholding the relief sought by the bill; and therefore, the decree must be reversed, and the cause remanded, with instructions to decree relief to the extent of the difference between specie and the market value of Kentucky Bank notes, at the date of the note for three thousand dollars.